IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2005 JAN -4 PM 12:54

OFFICE OF THE CLERK

STEPHEN MASON
_____

_____

_____

(Enter above the full name of the
plaintiff or plaintiffs)

vs.

KIRK E. BRUMBAUGH
BRUMBAUGH & QUANDAHL P.C.
FIRST NATIONAL BANK OF OMAHA
JAMES L. FOSTER

(Enter above the full name of the
defendant or defendants)

COMPLAINT

4:05CV3004

JUDGE KOPF

MAGISTRATE JUDGE
GOSSETT

(Note: If there is more than one plaintiff, a separate sheet can be
attached if needed to list the names and addresses of each plaintiff.
Remember, all plaintiffs must sign the complaint.)

I.   Parties

(In Item A below, place your name in the first blank and your present
address in the second blank.  In Item B below, place the full name of the
defendant in the first blank, his official position in the second blank,
and his place of employment in the third blank.)

  A.   Name of plaintiff   STEPHEN MASON

       Address   4811 BEAR CREEK ROAD
                 LINCOLN, NE  68516

  B.   Name of Defendant   KIRK E. BRUMBAUGH

       Address   BRUMBAUGH & QUANDAHL P.C.
                 4885 SOUTH 118TH ST, SUITE 100
                 OMAHA, NE  68137

II. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places.

Debt Collection Fraud Racket.

See "Theory of the Case" in Filed Complaint.

III. State briefly exactly what you want the court to do for you.

Require Defendant to Cease & Desist activities and compensate Plaintiff in a sum not less than 3 times sums previously demanded by Defendant &/or paid by Plaintiff. Remove negative comments from credit report.

IV. Do you want a lawyer to represent you in presenting this claim?

Yes [ ]   No [X]

If the answer is yes, what have you done to try to get one on your own?

_____

_____

[Note: Because the court has no funds for paying a lawyer, appointments are made only in a few cases where the judge thinks a lawyer is greatly needed and a lawyer is willing to take the case without expecting to get any fee.]

Signed this 29th day of December, 2004.

_Stephen Mason_

Signature of plaintiff or plaintiffs

DECLARATION MADE UNDER PENALTY OF PERJURY

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December, 2004.

_Stephen Mason_

Signature of plaintiff or plaintiffs

In The District Court of the United States
For the District of Nebraska
100 Centennial Mall, North
Lincoln, NE 68508
Clerk of the Court 402-437-5225

| | |
|---|---|
| Stephen Mason, an individual<br>    and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FIRST NATIONAL BANK OF OMAHA, an enterprise<br>    affecting interstate commerce,<br><br>BRUMBAUGH & QUANDAHL, P.C., an enterprise<br>    affecting interstate commerce,<br><br>Kirk E. Brumbaugh, an individual predicate<br>    actor in schemes violating<br>    federal laws providing that fraud<br>    and extortion are *malum in se*<br>    offenses,<br><br>James L. Foster, a public official, records<br>    verify, aids and abets schemes of<br>    fraud and extortion,<br><br>    Defendants. | FEDERAL CASE NUMBER |

Page 1 of 9

Petition, complaint, and claim under authority of 18 USC 1964(a)

Subject matter jurisdictional statement

FEDERAL QUESTION JURISDICTION: 28 USC § 1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 18 USC 1964(a) and by virtue of sufficient pleadings clearly articulating violations of 18 USC 1961 & 1962. The violations are pled with particularity *infra*. Furthermore, the clear face of this record shows the claims of Stephen Mason in harmony with *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103, *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572, *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232, *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380, *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684, *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900, *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528, *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y. 1995, 908 F.Supp. 1226, *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101, *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F.Supp. 287, and *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F.Supp. 370.

Statement of *in personum* jurisdiction

FIRST NATIONAL BANK OF OMAHA, is an enterprise affecting interstate commerce. FIRST NATIONAL BANK OF OMAHA, operates from 1620 Dodge St in Omaha, Nebraska 68502. BRUMBAUGH & QUANDAHL, P.C., located at 4885 S 118th Street, Suite 100, in Omaha, Nebraska 68137 is a local facilitator of fraud and extortion for FIRST NATIONAL BANK OF OMAHA. Kirk E. Brumbaugh is a member of the enterprise, BRUMBAUGH & QUANDAHL, P.C.. James L. Foster aided and

abetted BRUMBAUGH & QUANDAHL, P.C., and Kirk E. Brumbaugh in Brumbaugh's violations of 18 USC 1961 & 1962.

Statement of venue

Venue is appropriate in the District Court of the United States for the District of Nebraska as the predicate acts of fraud and extortion committed by Kirk E. Brumbaugh occurred in the District Court of the United States for the District of Nebraska.

Theory of the case

Kirk E. Brumbaugh is engaged in the debt collection fraud racket. HOW THE DEBT COLLECTION FRAUD RACKET WORKS: BRUMBAUGH & QUANDAHL, P.C. is a subset of the debt collection racket, a wide-spread, far-reaching scam composed of artists such as Kirk E. Brumbaugh, et al. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations such as Collins Financial Services, Inc., a.k.a. sales@cfsi.net, Money World Network, foreclosurestore.com, chargeoffclearringhouse.com, and loans@money-finance.us. Actors such as Brumbaugh can also rely on such resources as collection industry.com. The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up line from such artists as Kirk E. Brumbaugh then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as Kirk E. Brumbaugh are the actual "end user" holders in due course although typically in the scam, artists such as BRUMBAUGH & QUANDAHL, P.C. invest as little as 75 cents on the hundred dollar face amount for the worthless commercial paper, then allege they are third party debt collectors attempting to collect for the original maker of the loan. Enterprises such as BRUMBAUGH & QUANDAHL, P.C., in turn, mark up the worthless commercial paper and resell to artists such as Brumbaugh, who, for a very small investment, use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Stephen Mason. Whenever necessary, scam artists such as Kirk E. Brumbaugh, subject parties such as Stephen Mason to sham legal proceedings where: (1) Standing to sue in the respective state court is never proved, (2) Standing to sue as a bona fide holder-in-due-course is never proved, (3) Corporate charter authority to make consumer loans is never proved, (4) Corporate charter authority to sue

for damages on consumer loans is never proved; (5) Damages in fact are never proved; and (6). Delegation of authority from enterprises such as FIRST NATIONAL BANK OF OMAHA to predicate actors such as Kirk E. Brumbaugh is never proved. When defendants raise any defense whatsoever, they are forced into submission by judicial tyranny from judges such as James L. Foster, who either are or pretend to be, absolutely "clueless." In this instant case, Foster is either "on the take" receiving kickbacks and bribes from Brumbaugh, or Foster lacks both the ethical and professional integrity to make decisions affecting other people's lives. This racket is particularly heinous in the case of credit card contracts, which as a continuing series of offers to contract, are non-transferable. The scam is complete when artists such as Kirk E. Brumbaugh, with the cooperation of bad character, bad behavior public servants like James L. Foster, defraud parties such as Stephen Mason.

FIRST PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962:, May 3, 2004 predicate actor, Brumbaugh, filed a fraudulent security instrument that fraudulently claimed that Stephen Mason was indebted to FIRST NATIONAL BANK OF OMAHA in a sum in excess of Six Thousand Seven Hundred Sixtydollars. Concisely, Brumbaugh advanced a writing which Brumbaugh knew was false, with the intention that Stephen Mason rely on the fraud to Stephen Mason's detriment. Brumbaugh's fraudulent claim was urged under color of an official right. A jury shall determine that Kirk E. Brumbaugh absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on May 3, 2004.

SECOND PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962:, June 15, 2004 predicate actor Kirk E. Brumbaugh again filed a fraudulent security instrument that fraudulently claimed that Stephen Mason was indebted to FIRST NATIONAL BANK OF OMAHA in a sum in excess of Six Thousand Seven Hundred Sixtydollars. Concisely, Brumbaugh advanced a writing which Brumbaugh knew was false, with the intention that Stephen Mason rely on the fraud to Stephen Mason's detriment. Brumbaugh's fraudulent claim was urged under color of an official right. A jury shall determine that Kirk E. Brumbaugh absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on June 15, 2004

THIRD PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: June 21, 2004, predicate actor, Kirk E. Brumbaugh filed a fraudulent security instrument that fraudulently claimed that Stephen Mason was indebted to FIRST NATIONAL BANK OF OMAHA in a sum in excess of Six Thousand Seven Hundred Sixty dollars. Concisely, Brumbaugh advanced a writing which Brumbaugh knew was false, with the intention that Stephen Mason rely on the fraud to Stephen Mason's detriment. Brumbaugh's fraudulent claim was urged under color of an official right. A jury shall determine that Kirk E. Brumbaugh absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on June 21, 2004  In this episode of mischief, Brumbaugh secured Foster's sworn agreement to aide and abet in the defrauding of Stephen Mason.

## Affidavit

I, Stephen Mason, of age and competent to testify, state as follows based on my own personal knowledge:

1. I was contacted by Kirk E. Brumbaugh about March 29, 2004 . Brumbaugh alleged that I owed him a large sum of money, but in the time since, has refused to document and verify that I owe him, FIRST NATIONAL BANK OF OMAHA, or BRUMBAUGH & QUANDAHL, P.C. money.
2. May 7, 2004, Kirk E. Brumbaugh falsely alleged that FIRST NATIONAL BANK OF OMAHA had a claim against me and had authority to sue in Nebraska courts.
3. June 21, 2004, Kirk E. Brumbaugh secured agreement from James L. Foster that Foster would help Brumbaugh defraud me.
4. June 20, 2004, Kirk E. Brumbaugh made thinly veiled threats to the effect that he was out to get me.
5. As a result of the harassment of Brumbaugh and Brumbaugh's repeated attempts to extort money and property from me and because of Brumbaugh's dissemination of false information about my finances, I have been deprived of business opportunities and been damaged in my business enterprises.

*Stephen Mason*

STATE OF Nebraska  
COUNTY OF Lancaster

INDIVIDUAL ACKNOWLEDGMENT

Before me, the undersigned, a Notary Public in and for said County and State on this 4th day of January, 2005, personally appeared Stephen A. Mason to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires 3-3-07

*Sally J. Schuette* Notary Public

GENERAL NOTARY-State of Nebraska  
SALLY J. SCHUETTE  
My Comm. Exp. March 3, 2007

Plaintiffs' RICO case statement detailing the racketeering enterprise, the predicate acts of racketeering, and the economic purpose

BRUMBAUGH & QUANDAHL, P.C., is running a racket by taking money and property from parties situated similarly to Stephen Mason to satisfy nonexistent "debts." This court shall notice that Stephen Mason, in this complaint, has **testified** of injury to property and business by reason of acts which violate section 4 of the Clayton Act. See *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103. Stephen Mason has articulated violations of racketeering laws, testified that the violations injured both business and property warranting treble damages. See *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572. In naming BRUMBAUGH & QUANDAHL, P.C., an enterprise to which Kirk E. Brumbaugh belongs, Stephen Mason has established that an enterprise exists which undeniably affects interstate commerce. See *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007. Stephen Mason has standing to sue under RICO as Stephen Mason has shown violations of RICO, injury to business and property, and causation of the injury by the violations. See *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Stephen Mason has perfected a RICO claim by showing the existence of a RICO enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the defendants and the pattern of frauds, and shown resulting injury to business and property. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232. Stephen Mason has demonstrated that Stephen Mason sustained injury as proximate result of the pattern of frauds by the defendants. See *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380. Kirk E. Brumbaugh's membership in the enterprise, BRUMBAUGH & QUANDAHL, P.C., empowers Brumbaugh to do illicit business benefiting BRUMBAUGH & QUANDAHL, P.C., directly and indirectly. BRUMBAUGH & QUANDAHL, P.C. is able to recoup and profit by FIRST NATIONAL BANK OF OMAHA, investment affecting interstate commerce. See *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684. Stephen Mason clearly articulated being Brumbaugh's target of extortion and resulting business loses. See *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131. The cause-in-fact that but for the chicanery of the enterprise member, Kirk E. Brumbaugh, Stephen Mason would have his money and his business would not have

incurred tangible losses is sufficient to state factual causation for provision of RICO act providing for treble damages. See *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900. Stephen Mason's reliance on traditional principles of proximate causation applying to RICO cases is illustrated in the well pleaded, testimony that Stephen Mason was the target of extortion and his business interfered with by predicate acts of the defendants. See *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528. There exists an undeniable relationship between the acts of the defendants and the damage to property and business interests of Stephen Mason. See *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y.1995, 908 F. Supp. 1226. The damage caused by the defendants was the natural and reasonably foreseeable consequence of the frauds promulgated by the defendants. See *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101. The fraud by the defendants was the legal cause of Stephen Mason being the target of extortion, his business interests being interfered with, and related damages. See *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F. Supp. 287. The enterprise, FIRST NATIONAL BANK OF OMAHA is evident to a high degree and it is also evident to a high degree that associates such as Kirk E. Brumbaugh act as a continuing unit. See *Compagnie de Reassuarance D'lle de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F. Supp. 370. It is undeniable that BRUMBAUGH & QUANDAHL, P.C. receives money for defrauding parties such as Stephen Mason and BRUMBAUGH & QUANDAHL, P.C. receipts and compensation to collateral enterprises represents their necessary investment in the class of business to which BRUMBAUGH & QUANDAHL, P.C. belongs for the continuing privilege of, in the vernacular, continuing to rip people off in phony, sham proceedings. See *Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton*, M.D.Pa. 1992, 816 F.Supp. 299. Undeniably, the defendants have used the courts for purposes of fraud and extortion. Brumbaugh's pattern of attacks on Stephen Mason is but one of many of examples of fraud by BRUMBAUGH & QUANDAHL, P.C. and other enterprises similarly constituted.

Remedy sought and prayer for relief

The Federal District Court has a duty to order the dissolution of FIRST NATIONAL BANK OF OMAHA and BRUMBAUGH & QUANDAHL, P.C. under authority of 18 USC 1964(a). The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members. A jury's determination that BRUMBAUGH & QUANDAHL, P.C. by and through Kirk E. Brumbaugh and James L. Foster has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to FIRST NATIONAL BANK OF OMAHA and BRUMBAUGH & QUANDAHL, P.C. to dissolve and cease operations. A jury's determination that BRUMBAUGH & QUANDAHL, P.C.., by and through Kirk E. Brumbaugh and James L. Foster, committed or aided and abetted two or more predicate acts of fraud resulting in defrauding Stephen Mason and others similarly situated of property and business interests justly requires ordering FIRST NATIONAL BANK OF OMAHA, BRUMBAUGH & QUANDAHL, P.C., and Kirk E. Brumbaugh and James L. Foster to compensate all parties in a sum not less than three times the collective sums of property and losses to businesses of all who are similarly situated

TRIAL BY JURY DEMANDED

Prepared and submitted by: _____
Stephen Mason