IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEPHEN MASON,    )<br>   )<br>   Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>KIRK E. BRUMBAUGH, et al.,   )<br>   )<br>   Defendants.   ) | 4:05cv3004<br><br>MEMORANDUM AND ORDER |

    This matter is before the court on filing nos. 5, 11 and 13, the Motions to Dismiss filed by the defendants, Lancaster County Court Judge James L. Foster, the law firm of Brumbaugh & Quandahl, P.C., Kirk E. Brumbaugh, and First National Bank of Omaha ("FNB").  Also before the court are filing no. 7, the Motion to Stay filed by Judge Foster, and filing no. 20, the Motion to Strike Putative Motion to Dismiss on Behalf of First National Bank of Omaha, filed by the pro se plaintiff, Stephen Mason.

    The plaintiff purports to bring this action on behalf of himself "and all others similarly situated."  However, pro se parties may not represent other persons or entities.  See, e.g., Powerserve Intern., Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) ("an individual may not be represented in court by another person who is not an attorney").

    The plaintiff alleges that his claims arise under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").  Assuming the connection with interstate commerce required by 18 U.S.C. § 1962, it is illegal, under 18 U.S.C. § 1962(a), to invest income in an enterprise where the income is derived from a pattern of racketeering activity.  It is also illegal, under 18 U.S.C. § 1962(b), to acquire or maintain, through a pattern of racketeering activity, an interest in an enterprise engaged in interstate

commerce. Under 18 U.S.C. § 1962(c), it is illegal for any person employed by or associated with an enterprise participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. Under 18 U.S.C. § 1962(d), It is illegal to enter into a conspiracy to violate 18 U.S.C. § 1962(a), (b), or (c).

However, stripped of its conclusions of law and acrimonious characterizations of the defendants, the complaint contains only the following *factual* allegations: On May 3, 2004, defendant-Kirk Brumbaugh, an attorney with the law firm of Brumbaugh & Quandahl, P.C., filed a civil action in Lancaster County Court before the Honorable James L. Foster, County Judge, to collect on an indebtedness of $6,760 allegedly owed by the plaintiff to FNB. Before filing the lawsuit, Mr. Brumbaugh contacted the plaintiff on or about March 29, 2004 regarding the indebtedness. On June 15 and 21, 2004, Mr. Brumbaugh filed additional documents in the County Court proceeding. Judge Foster rejected the plaintiff's defenses to liability on the debt.

The plaintiff's accusations regarding fraudulent and invalid financial instruments, illicit business activities and lack of standing to be a holder in due course amount, at most, to the plaintiff's defenses to liability on the indebtedness, a matter which has apparently been resolved in the County Court case. In this action, the plaintiff seeks treble damages and the "dissolution" of FNB and Brumbaugh & Quandahl, P.C.

Upon consideration of the record and the applicable law, the defendants' Motions to Dismiss will be granted, and the plaintiff's complaint will be dismissed for failure to state a claim on which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Among other bases for dismissal of the plaintiff's RICO claims, the facts as set forth in the complaint do not

constitute a "pattern" of "racketeering activity" or an "unlawful" debt.

Judge Foster's Motion to Dismiss (filing no. 5) will be granted on the additional basis of his judicial immunity.  Judges have absolute immunity from suits for damages arising from acts, whether or not erroneous, in their judicial capacity as long as such actions were not taken in the complete absence of all jurisdiction.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  Id.  See also Tucker v. Outwater, 118 F.3d 930, 933 (2d Cir.), cert. denied, 522 U.S. 997 (1997):  "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."

THEREFORE, IT IS ORDERED:

1. That filing nos. 5, 11 and 13, the defendants' Motions to Dismiss, are granted;

2. That filing no. 7, Judge Foster's Motion to Stay, is denied as moot;

3. That  filing no. 20, the plaintiff's Motion to Strike, is denied; and

4. That judgment will be entered accordingly.

DATED this 28th day of April, 2005.

BY THE COURT:

s/ Richard G. Kopf
United States District Judge